UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITE FINANCIAL SERVICES, LLC

    Plaintiff,

vs.                                                                                                                      Case No. 17-13516

ROBBY'S TOWING SERVICES, LLC,                       HON. AVERN COHN
ROBERT L. HARDISON and
DENISE BOYCE-HARDISON,

    Defendants.
_____/

## ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND REMANDING STATE LAW CLAIMS

This is a tort and civil rights case. Defendants, a towing company and its alleged owners, towed a vehicle owned by plaintiff. Plaintiff says defendants were instructed to tow the vehicle by the Detroit Police Department because it was abandoned. Plaintiff says defendants have refused to return the vehicle. The amended complaint asserts the following claims:

    Count I      statutory conversion
    Count II     common law conversion
    Count III    tortious interference with a business relationship
    Count IV    unjust enrichment
    Count V     abuse of process
    Count VI    violation of 42 U.S.C. § 1983

Defendant timely removed the case to federal court, asserting federal question jurisdiction based on the section 1983 claim which first appeared in the amended complaint. Although not explicitly stated in the notice of removal, presumably defendants ask the Court to exercise supplemental jurisdiction over the state-law

claims.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, plaintiff's state law claims substantially predominate over the federal claim, raises novel and complex issues of state law that would be more appropriately adjudicated by the state court, and will result in the undue confusion of the jury. See § 1367(c) (1), (c)(4); Padilla v. City of Saginaw, 867 F. Supp. 1309, 1315 (E.D. Mich.1994).

Therefore, the Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over the state law claims. Accordingly, Counts I-V are REMANDED to the 36th District Court. The case continues on Count VI only.

SO ORDERED.

S/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: 1/22/2018
Detroit, Michigan