UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BRITE FINANCIAL SERVICES,
LLC, GERALD D. GRAYS, and
DALE L. RILEY,

       Plaintiffs,

v

BOBBY'S TOWING SERVICES,
LLC, ROBERT L. HARDISON,
DENISE BOYCE-HARDISON, CITY
OF DETROIT, DETROIT POLICE
DEPARTMENT, and JOHN DOES
1-3,

       Defendants,

MICHIGAN ATTORNEY
GENERAL DANA NESSEL,

       Intervenor-Defendant.

No. 2:17-cv-13516

HON. AVERN COHN

MAG. MONA K. MAJZOUB

**INTERVENOR MICHIGAN ATTORNEY GENERAL DANA NESSEL'S MOTION TO WITHDRAW AS INTERVENOR-DEFENDANT**

_____

Jason M. Katz (P62923)
Robert E. Zielinski (P69250)
Attorneys for Plaintiffs
30665 Northwestern Hwy., Ste. 202
Farmington Hills, MI 48334
(248) 702-6310
jkatz@katz2law.com

Aaron D. Cox (P69346)
Attorney for Plaintiffs
23380 Goddard Rd.
Taylor, MI 48180
(734) 287-3664
aaron@aaroncoxlaw.com

Mark K. Wasvary (P51575)
Attorney for Plaintiffs
2401 W. Big Beaver Rd., Ste. 100
Troy, MI 48084
(248) 649-5667
mark@wasvarylaw.com

Teri L. Dennings (P68884)
Marc A. Deldin (P71041)
Attorneys for Defendants Bobby's and Hardisons
48 S. Main St., Ste. 3
Mount Clemens, MI 48043
(586) 741-8116
teri@deldinlaw.com
marc@deldinlaw.com

Michael M. Muller (P38070)
Attorney for Defendant Detroit Police Department
660 Woodward Ave., Ste. 1650
Detroit, MI 48226
(313) 237-5052
Mullm@detroitmi.gov

John G. Fedynsky (P65232)
Patrick S. Myers (P81444)
Attorneys for Intervenor-Defendant
Michigan Department of Attorney General
Complex Litigation Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-3055
fedynskyj@michigan.gov
myersp4@michigan.gov

_____/

**INTERVENOR MICHIGAN ATTORNEY GENERAL DANA
NESSEL'S MOTION TO WITHDRAW AS INTERVENOR-
DEFENDANT**

Intervenor Attorney General Dana Nessel, by counsel, submits this motion to withdraw as intervenor, pursuant to Fed. R. Civ. P. 5.1(c), Fed. R. Civ. P. 24(a), and 28 U.S.C. § 2403(b).  Intervenor respectfully requests that the Court grant her motion to withdraw.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Patrick S. Myers*
Assistant Attorney General
Attorneys for Intervenor-
Defendant
Complex Litigation Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-3055
Myersp4@michigan.gov
P81444

Dated:  January 8, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2019, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

<div style="margin-left: 50%;">

*/s/ Patrick S. Myers*
Assistant Attorney General
Attorneys for Intervenor-
Defendant
Complex Litigation Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-3055
Myersp4@michigan.gov
P81444

</div>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BRITE FINANCIAL SERVICES,
LLC, GERALD D. GRAYS, and
DALE L. RILEY,

      Plaintiffs,

v

BOBBY'S TOWING SERVICES,
LLC, ROBERT L. HARDISON,
DENISE BOYCE-HARDISON, CITY
OF DETROIT, DETROIT POLICE
DEPARTMENT, and JOHN DOES
1-3,

      Defendants,

MICHIGAN ATTORNEY
GENERAL DANA NESSEL,

      Intervenor-Defendant.

No. 2:17-cv-13516

HON. AVERN COHN

MAG. MONA K. MAJZOUB

**BRIEF IN SUPPORT OF
INTERVENOR MICHIGAN
ATTORNEY GENERAL
DANA NESSEL'S MOTION
TO WITHDRAW AS
INTERVENOR-DEFENDANT**

_____

Jason M. Katz (P62923)
Robert E. Zielinski (P69250)
Attorneys for Plaintiffs
30665 Northwestern Hwy., Ste. 202
Farmington Hills, MI 48334
(248) 702-6310
jkatz@katz2law.com

Aaron D. Cox (P69346)
Attorney for Plaintiffs
23380 Goddard Rd.
Taylor, MI 48180
(734) 287-3664

aaron@aaroncoxlaw.com
Mark K. Wasvary (P51575)
Attorney for Plaintiffs
2401 W. Big Beaver Rd., Ste. 100
Troy, MI 48084
(248) 649-5667
mark@wasvarylaw.com
_____
Marc A. Deldin (P71041)
Teri L. Dennings (P68884)
Attorneys for Defendants
48 S. Main St., Ste. 3
Mount Clemens, MI 48043
(586) 741-8116
marc@deldinlaw.com
teri@deldinlaw.com
_____
John G. Fedynsky (P65232)
Patrick S. Myers (P81444)
Attorneys for Intervenor-Defendant
Michigan Department of Attorney General
Complex Litigation Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-3055
fedynskyj@michigan.gov
myersp4@michigan.gov
_____/

**BRIEF IN SUPPORT OF INTERVENOR MICHIGAN ATTORNEY
GENERAL DANA NESSEL'S MOTION TO WITHDRAW AS
INTERVENOR-DEFENDANT**

Dana Nessel
Attorney General


Patrick S. Myers
Assistant Attorney General
Attorneys for Intervenor-
Defendant
Complex Litigation Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-3055
Myersp4@michigan.gov
P81444

Dated:  January 8, 2019

# TABLE OF CONTENTS

<u>Page</u>

Table of Contents ....................................................................................i

Concise Statement of Issues Presented ...................................................ii

Controlling or Most Appropriate Authority............................................ii

Statement of Facts ................................................................................1

Argument..............................................................................................1

I.    This Court should grant Intervenor's motion to withdraw because intervention is discretionary, withdrawal would serve judicial economy, and withdrawal would not prejudice the parties..........................................................................1

Conclusion and Relief Requested...........................................................4

Certificate of Service .............................................................................5

**CONCISE STATEMENT OF ISSUE PRESENTED**

1.    Should this Court grant Intervenor's motion to withdraw?

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

<u>Authority</u>:  Fed. R. Civ. P. 24

Fed. R. Civ. P. 21

*Bogaert v. Land*, No. 1:08-CV-687, 2009 WL 1010950 (W.D. Mich. Apr. 14, 2009)

## STATEMENT OF FACTS

On August 16, 2018, Intervenor Michigan Attorney General filed a notice of intervention to defend the constitutionality of Mich. Comp. Laws § 257.252 *et seq.* (Notice of Intervention, R. 33, Page ID ## 606–607.) On September 21, 2018, Intervenor filed a partial motion to dismiss. (Intervenor's Partial Mot. to Dismiss, R. 34, Page ID ## 609–641.) All Defendants concurred in Intervenor's motion. (Defs.' Concurrences, R. 35, Page ID ## 643–646; R. 39, Page ID ## 664–665.) On October 26, 2018, Plaintiffs filed their response to Intervenor's motion. (Pls.' Resp., R. 41, Page ID ## 675–738.) On November 15, 2018, Intervenor filed a reply brief. (Intervenor's Reply, R. 44, Page ID ## 744–755.) The Court scheduled Intervenor's motion for hearing on January 9, 2019. (Notice of Mot. Hr'g, R. 42, Page ID # 739.)

## ARGUMENT

**I.    This Court should grant Intervenor's motion to withdraw because intervention is discretionary, withdrawal would serve judicial economy, and withdrawal would not prejudice the parties.**

Rule 21 permits the district court to "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Pursuant to Rule 21, a court

1

may exercise its discretion to drop a party from a lawsuit sua sponte whose presence no longer affects the issues being litigated." *Letherer v. Alger Group, L.L.C.,* 328 F.3d 262, 267 (6th Cir. 2003) (internal quotations marks omitted), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008).  However, a court may not drop a party that is deemed indispensable under Rule 19.  *George S. Hofmesiter Family Trust Dated June 21, 1991 v. FGH Industries, LLC,* No. 06–cv–13984–DT, 2006 WL 3741906, at *6 (E.D. Mich. Dec. 15, 2006).  *See also Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time. . . .").

Intervenor filed a notice of intervention on August 16, 2018. (Notice of Intervention, R. 33, Page ID ## 606–607.)  Intervenor no longer seeks to pursue her right to participate as a party in this litigation and, therefore, now moves to withdraw.  The decision to seek intervention is a discretionary choice, initiated by the movant, under Rule 24 of the Federal Rules of Civil Procedure.  *See, e.g.*, *Kourtis v. Cameron*, 419 F.3d 989, 998 (9th Cir. 2005), *abrogated on other grounds*

*by Taylor v. Sturgell*, 553 U.S. 880 (2008) ("Intervention has been conceived as a device that permits a nonparty to become a party *when it wishes. . . .*") (emphasis in original). And just as a plaintiff has the right to decide she no longer wishes to pursue a claim or an action, an intervenor may decide that she no longer wishes to pursue intervention. *See Bogaert v. Land*, No. 1:08-CV-687, 2009 WL 1010950, at *3 (W.D. Mich. Apr. 14, 2009). Since Intervenor is not an indispensable party and may decide not to continue as an intervening party, this Court should permit her to withdraw.

Moreover, withdrawal would also serve judicial economy and would not prejudice any of the remaining parties. Withdrawal would reduce the number of parties in this proceeding and streamline discovery. And no remaining party would be prejudiced by Intervenor's withdrawal, since Defendants can adequately represent their interests. Because intervention is discretionary, withdrawal would serve judicial economy, and withdrawal would not prejudice any party, this Court should grant Intervenor's motion to withdraw.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, Intervenor respectfully requests

that the Court grant her motion to withdraw.

Respectfully submitted,

Dana Nessel
Attorney General


*/s/ Patrick S. Myers*
Assistant Attorney General
Attorneys for Intervenor-
Defendant
Complex Litigation Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-3055
Myersp4@michigan.gov
P81444

Dated: January 8, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2019, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which

will provide electronic copies to counsel of record.

<div align="right">

*/s/ Patrick S. Myers*

Assistant Attorney General
Attorneys for Intervenor-
Defendant
Complex Litigation Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-3055
Myersp4@michigan.gov
P81444

</div>

5